279 F.2d 590
 LOCAL LODGE NO. 1898 OF DISTRICT NO. 38 OF THE INTERNATIONAL ASSOCIATION OF MACHINISTS, A.F. OF L. et al., Plaintiffs, Appellants,
v.
BRAKE AND ELECTRIC SALES CORPORATION, Defendant, Appellee.
 No. 5629.
 United States Court of Appeals First Circuit.
 June 22, 1960.
 
 John A. Romano, Shrewsbury, Mass., for appellants.
 Irvin M. Davis, Boston, Mass., for appellee.
 Before WOODBURY, Chief Judge, and HARTIGAN and ALDRICH, Circuit Judges.
 HARTIGAN, Circuit Judge.
 
 
 1
 This is an appeal from a judgment of the United States District Court for the District of Massachusetts entered for the defendant on November 27, 1959 after trial before the court.
 
 
 2
 Plaintiff-appellant, Local Lodge No. 1898 of District No. 38 of the International Association of Machinists, A. F. of L. (hereinafter referred to as the Union)[1] sued defendant-appellee, Brake and Electric Sales Corporation (hereinafter referred to as the Company) for damages suffered as a result of defendant's alleged breach of a collective bargaining agreement with the Union.
 
 
 3
 The portions of the collective bargaining agreement allegedly breached are the union security and arbitration clauses. The former provided:
 
 
 4
 "As a condition of employment, all employees covered by this Agreement shall not later than thirty (30) days after the date of execution of this Agreement, or in the case of new employees, not later than forty-five (45) days after the date of hiring, become members of the Union and remain members in good standing in the Union during the term of this Agreement."
 
 The arbitration clause provided:
 
 5
 "In the event a grieving party (Union or Company) submits a grievance or dispute to arbitration, the Arbitration Board shall be selected according to, and shall be governed by, the following procedure:
 
 
 6
 "The Board of Arbitration shall consist of one (1) member selected by the Union and one (1) member selected by the Company. In the event that these two (2) members of the Board of Arbitration fail to agree upon the disposition of a dispute or grievance within three (3) working days after the meeting for this purpose, then at the request of either of these two (2) members of the Board of Arbitration, the Federal Mediation and Conciliation Board shall be requested to designate a third member of the Board of Arbitration, who shall act as Chairman. The dispute or grievance shall be submitted to the Board of Arbitration and the decision of the majority of such members shall be final and binding upon the parties to this Agreement and shall be complied with within five (5) working days after the decision is rendered."
 
 
 7
 The breach of these provisions allegedly arose (1) from the Union's demand that Edward Resnick, employed by the Company, be discharged for failure to comply with the terms of the union security clause and the Company's failure to discharge Resnick, and (2) a letter from the Union invoking the arbitration clause on this matter and naming the Union arbitrator and the Company's subsequent failure to name its arbitrator.
 
 
 8
 The district court found that, prior to his employment by the Company, Resnick had been fined twice by the Union. On one occasion he was fined $25 and later $500. The court found that in connection with the latter fine, Resnick had been suspended from membership, to be reinstated "on the recommendation of the Grand Council of the I. A. M." after payment of the fine. It also found that the Company knew of this suspension and its terms, that the $500 fine had never been paid, and that the Grand Council had never recommended Resnick's reinstatement. It concluded that Resnick did not have available to him membership in the Union on the same terms and conditions generally applicable to the other members, and that both the Company and the Union knew of and attempted to solve the problem these circumstances created.
 
 
 9
 The district court ruled that the union security clause imposed no legal obligation on the Company to discharge Resnick under conditions that would make the discharge an unfair labor practice by the Company.[2] The district court further found that during the period of negotiations the Union was condoning the retention of Resnick by the Company. The court then concluded that the union security clause was not breached and that the clause was waived during the period of negotiations.
 
 
 10
 The main burden of plaintiff's argument on this appeal regarding the failure to discharge Resnick is that on the evidence it was clearly erroneous for the district court to find that the Company had reasonable grounds for believing that membership was not available to Resnick on the same terms and conditions generally available to others, and that, therefore, the discharge by the Company would be an unfair labor practice. The evidence cited by plaintiff is the testimony that the Union offered to take Resnick as a member on the generally required conditions but that Resnick refused. This willingness of the Union to accept Resnick was stated to the employer in a letter from the business representative of Local No. 1898.
 
 
 11
 However, this does not controvert the facts of Resnick's prior suspension and the levy of the $500 fine. By the terms of this penalty, as known by the Company, acceptance of dues and initiation fees by the local lodge would not make Resnick a member of the Union. The representations of the business agent of the local lodge cannot be said to render unreasonable the belief of the Company that membership was not available to Resnick on the conditions usually required. The district court noted during the trial that there was no evidence of authorization of the business agent by the Grand Council to waive the express requirement of payment of the $500 fine and a vote of the Grand Council recommending reinstatement of Resnick.
 
 
 12
 The awareness on the part of the Union of the problem presented by the outstanding suspension and its provisions is shown by the Union's acquiescence in various steps suggested by the Company to absolve it of responsibility. The Union did not object to the further step of submission of the problem of responsibility to the Company's attorney for an opinion on the situation. This attitude on the part of the Union tends to prove both the reality of conditions on Resnick's membership and the waiver of the union security clause during the attempts to solve this problem.
 
 
 13
 On the record, therefore, it cannot be said that the district court clearly erred in its finding of no breach of the union security clause.[3]
 
 
 14
 The contention of breach of the arbitration clause of the collective bargaining agreement was disposed of by the district court in its findings that the Union continued informally to try to settle the problem of Resnick's status, and that the Union condoned Resnick's retention during the attempts to settle the problem, waiving application of the union security clause during these attempts. These findings indicated that the Union was not adhering to its demand for arbitration and, indeed, did not view the situation as presenting a grievance or dispute requiring arbitration. From the testimony regarding the conversations between Company and Union representatives and the correspondence in the record, we cannot say that the district court's findings are clearly erroneous.
 
 
 15
 Judgment will be entered affirming the judgment of the district court.
 
 
 
 Notes:
 
 
 [1]
 Local No. 841 of the International Brotherhood of Teamsters, A.F. of L. was named a party plaintiff because the collective bargaining agreement was in the name of both unions. The Teamsters do not have an interest in this suit and will not be referred to in this opinion
 
 
 [2]
 "* * * That no employer shall justify any discrimination against an employee for nonmembership in a labor organization (A) if he has reasonable grounds for believing that such membership was not available to the employee on the same terms and conditions generally applicable to other members, or (B) if he has reasonable grounds for believing that membership was denied or terminated for reasons other than the failure of the employee to tender the periodic dues and the initiation fees uniformly required as a condition of acquiring or retaining membership; * * *." 29 U.S.C.A. § 158(a) (3). The Union does not dispute this interpretation of the contract clause, but rather disputes the findings which require an application of this ruling
 
 
 [3]
 Plaintiff-appellant has sought in various ways to distinguish the National Labor Relations Board's decision in Westinghouse Electric Corporation, 96 N.L. R.B. 522 (1951), cited by the district court. The court cited this case for the proposition that the discharge of an employee for nonmembership in a union is an unfair labor practice when the employer has reasonable grounds for believing that the employee did not have available to him membership in the union on the same terms and conditions as others. In the Westinghouse decision it was held that the employer did not have reasonable grounds for so believing and therefore was not guilty of any unfair labor practice. Most of the opinion concerned unfair labor practices by the union, involving a different section of the Act. Distinguishing the Westinghouse decision is not determinative in any case, since the statute sets out the standard with which we are here concerned